NOT DESIGNATED FOR PUBLICATION

No. 116,927

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

DAVID A. HENDRICK, M.D., PA,
d/b/a SALINA SURGICAL ARTS CENTER,
*Appellee*,

v.

SHAWNA R. MORESCO,
*Appellant*.

MEMORANDUM OPINION

Appeal from Saline District Court; PAUL J. HICKMAN, judge. Opinion filed July 21, 2017. Affirmed.

*Larry G. Michel*, of Kennedy Berkley Yarnevich & Williamson, Chartered, of Salina, for appellant.

*C. Charles Ault-Duell*, of Norton, Wasserman, Jones & Kelly, L.L.C., of Salina, for appellee.

Before MALONE, P.J., LEBEN and BRUNS, JJ.

*Per Curiam*:  Following a bench trial, the district court granted a money judgment in favor of David A. Hendrick, M.D., P.A., d/b/a Salina Surgical Arts Center (Hendrick), against Shawna R. Moresco based on a theory of unjust enrichment. Moresco appeals, arguing that the district court erred in denying her request for a jury trial and in denying her motion for summary judgment. Finding no error, we affirm the district court's judgment.

1

FACTUAL AND PROCEDURAL BACKGROUND

On July 1, 2015, Moresco and Hendrick executed an employment agreement setting out the terms of Moresco's employment as a nurse practitioner at Hendrick's practice. The contract provided that Hendrick would reimburse Moresco for any payments she made on her student loans. Specifically, the agreement stated in part:

> "EMPLOYEE received a student loan to assist in her schooling. The total loan amount is $50,966.99.
> "The loan repayment is as set forth in the loan documents. EMPLOYER will reimburse EMPLOYEE for the minimum required student loan payments made during each contract year at the end of each contract year if EMPLOYEE is then employed by EMPLOYER."

The last day of Moresco's contract year would have been June 30, 2016. On December 3, 2015, however, Moresco gave to Hendrick's office manager, Rhonda Smith, her loan summary statement showing the payments made on her student loans between July 2015 and December 2015. On December 8, 2015, Hendrick gave Moresco a paycheck that reimbursed her for the $3,479.64 paid on her student loans from July to December, even though the student loan reimbursement was not due until the end of her contract year. The next day, Moresco accepted a position with Family Care Center in Concordia, Kansas. On December 13, 2015, Moresco informed Hendrick that she had accepted another position and tendered her resignation.

On December 21, 2015, Hendrick filed a petition in the Saline County District Court seeking recovery of the student loan reimbursement he paid to Moresco. Hendrick's petition included claims of breach of contract, unjust enrichment, fraud, and unpaid debt. Moresco filed an answer denying all of Hendrick's allegations, asserting the affirmative defenses of waiver and estoppel, and requesting a jury trial.

Moresco filed a brief in support of her demand for a jury trial. She argued that resolution of this case turned on whether Hendrick waived his right to performance of the employment agreement by voluntarily reimbursing her for her student loan payments early. Thus, Moresco claimed, because this involved a question of fact, the case should be decided by a jury. Hendrick disagreed and argued that the cause of action was an unjust enrichment claim and, because it sounded entirely in equity, it could not be tried to a jury.

The district court held a hearing on Moresco's request for a jury trial on June 6, 2016. The record on appeal includes only a partial transcript of the district court's ruling. The district court agreed with Hendrick, explaining that "the fact that there [were] some legal issues in what [was] otherwise essentially an equitable case [did] not entitle [Moresco] to a jury trial when it [was] established that the essential[ ] nature of the case [was] equitable." Thus, the district court denied Moresco's request for a jury trial.

On July 19, 2016, Moresco filed a motion for summary judgment, arguing that Hendrick's unjust enrichment claim failed as a matter of law because under Kansas law there cannot be an unjust enrichment claim if there is a valid written contract between the parties. Hendrick opposed Moresco's motion for summary judgment, arguing that the district court correctly decided that this case sounded in equity rather than in contract law. Hendrick argued that because Moresco modified or deviated from the employment agreement when she requested reimbursement early, the parties' contract did not control the disputed issue; thus, he asserted that he could bring an unjust enrichment claim.

The district court held a hearing on Moresco's motion for summary judgment on August 22, 2016. Again, the record on appeal includes only a partial transcript of the district court's ruling. The district court first noted that its findings on Moresco's request for a jury trial applied equally to her motion for summary judgment because the appropriateness of an unjust enrichment claim depended on whether this was an equitable matter. The district court went on to find that Hendrick could bring a claim of unjust

3

enrichment, and the mere existence of the contract between the parties did not preclude Hendrick's unjust enrichment claim because the contract did not actually address the disputed issue. Thus, the district court denied Moresco's motion for summary judgment.

The district court held a bench trial on November 14, 2016. Again, the record on appeal includes only a partial transcript of the district court's findings from the bench. The district court ruled in favor of Hendrick, finding:

> "[I]t appears to the Court from all the testimony and evidence exhibited and the Court being the trier of fact and having observed and listened to the testimony in judging the credibility of the witnesses finds that it appears to the Court that for whatever reason Miss—the Defendant was not happy with the deal she had struck, was looking for work, found work and had indeed submitted her request for reimbursement in December of 2016 knowing that she was either likely to accept a position or having had a position which exactly it is . . . irrelevant for the purposes of determining the equities and that wish to have the reimbursement made to which she was not entitled in which Mr. Hendrick, the Plaintiff, indicated had he been aware of all the facts would not have made. And, therefore, the Court is going to grant judgment for the Plaintiff for all those reasons stated in the amount sought which is $3,479.64 plus statutory interest and from December 15th and costs."

A journal entry was filed granting judgment in favor of Hendrick in the amount of $3,479.64 plus interest and costs. Moresco timely appealed.

REQUEST FOR JURY TRIAL

On appeal, Moresco argues that she was entitled to a jury trial because the cause of action presented a question of fact, namely, whether Hendrick waived his right to Moresco's performance under the employment agreement. Specifically, Moresco claims that when Hendrick voluntarily reimbursed Moresco for her student loan payments early,

4

he waived his right to Moresco's "performance that would otherwise be necessary to [Moresco's] right of the payment under the terms of the contract."

Hendrick, on the other hand, contends that the district court properly denied Moresco's request for a jury trial because this case presents an equitable claim under the theory of unjust enrichment and was therefore required to be decided by a court of law. Moreover, Hendrick argues, Moresco cannot simply inject a defense of waiver in order to change the essential nature of the case from an equitable issue to a legal issue. Thus, Hendrick asserts, because the essential nature of this case is grounded in equity, the district court correctly denied Moresco's motion for a jury trial.

Resolution of this issue requires interpretation of the parties' employment agreement to determine whether the contract addresses the dispute at hand. An appellate court exercises unlimited review over the interpretation and legal effect of written instruments and is not bound by a lower court's interpretation of those instruments. *Prairie Land Elec. Co-op v. Kansas Elec. Power Co-op*, 299 Kan. 360, 366, 323 P.3d 1270 (2014).

It has long been the law in Kansas that there is no right to a jury trial in an equitable suit. *Vanier v. Ponsoldt*, 251 Kan. 88, 104, 833 P.2d 949 (1992); *Koerner v. Custom Components, Inc.*, 4 Kan. App. 2d 113, 124, 603 P.2d 628 (1979); *Haile Group, LLC v. City of Lenexa*, No. 102,319, 2010 WL 4977221, at *8 (Kan. App. 2010) (unpublished opinion). Accordingly, whether the district court erred in denying Moresco's request for a jury trial turns on "whether the essential nature of th[is] action is grounded on equitable rights and is one in which equitable relief is sought." *Haile Group, LLC*, 2010 WL 4977221, at *8. Recovery under the equitable theory of unjust enrichment is not available if an express contract addresses the disputed issue. See *Wolfert Landscaping Co. v. LRM Industries, Inc.*, No. 106,989, 2012 WL 5392143, at *4 (Kan. App. 2012) (unpublished opinion).

5

After holding a hearing, the district court ultimately found that even though the parties had a valid contract, the essential nature of this dispute was grounded in the equitable theory of unjust enrichment and thus denied Moresco's request for a jury trial:

"The argument—and that's the gist of the argument is whether it is equitable or is this under a contract.

". . . While we understand that there is an element of contractual—has been a contractual agreement between the parties the Court believes based on it [as] heard today that it is . . . essentially an equitable claim and therefore the Court is going to deny the request for a jury trial based on that finding."

We agree with the district court that Hendrick's claim constituted an equitable action. Our Supreme Court addressed the right to a jury trial in equitable suits in *Vanier*:

"Section Five of the Kansas Constitution Bill of Rights guarantees a right to jury trial as that right existed at common law. At common law, a party was not entitled to a jury trial as a matter of right in equity suits. We have stated: 'In determining whether an action is one in equity the test is whether the essential nature of the action is grounded on equitable rights and is one in which equitable relief is sought.' [Citation omitted.]" 251 Kan. at 104.

Here, the essential nature of this action is grounded on equitable rights. This is not a breach of contract claim; in fact, Moresco did not breach the employment agreement by quitting her job before the end of the contract term. Instead, this dispute boils down to a claim of unjust enrichment. "'The substance of an action for unjust enrichment lies in a promise implied in law that one will restore to the person entitled thereto that which in equity and good conscience belongs to him [or her].' [Citations omitted.]" *Haz-Mat Response, Inc. v. Certified Waste Services Ltd.*, 259 Kan. 166, 176, 910 P.2d 839 (1996). The elements of an unjust enrichment claim are: (1) the plaintiff conferred a benefit on the defendant; (2) the defendant appreciated or acknowledged the benefit; and (3) under

6

the circumstances, it would be inequitable to allow the defendant to retain the benefit without paying for its value. 259 Kan. at 177.

The parties agreed that if Moresco worked for Hendrick from July 1, 2015, to June 30, 2016, Hendrick would reimburse Moresco for the student loan payments she made during that year. Instead, Moresco received her student loan reimbursement early and then immediately gave notice that she was terminating her employment with Hendrick. The crux of this cause of action is whether it is fair to allow Moresco to keep the money Hendrick paid for Moresco's student loans under these circumstances. The district court correctly determined that this is an action in equity.

Moreover, Moresco's contention that an unjust enrichment claim cannot lie if the parties had a valid contract is an incomplete statement of what occurred in this case. It is true that there can be no claim for unjust enrichment if an express contract addresses the obligations of the parties. *Wolfert Landscaping Co.*, 2012 WL 5392143, at *4. But Moresco's argument leaves out the fact that to preclude a claim of unjust enrichment, the contract must actually address the disputed issue. See, *e.g.*, 2012 WL 5392143, at *4; *Phillips v. Noland*, No. 103,254, 2011 WL 1376980, at *3 (Kan. App. 2011) (unpublished opinion) (rejecting an unjust enrichment claim because the issue was expressly addressed and provided for in the parties' contract), *rev. denied* 293 Kan. 1107 (2012).

Here, the employment agreement does not address the parties' rights and obligations if Hendrick reimbursed Moresco for her student loan payments early. The contract merely provides that if Moresco worked for Hendrick for a year, he would reimburse Moresco for that year's student loan payments at the end of the year. Thus, contrary to Moresco's assertion, Hendrick is not precluded from bringing an unjust enrichment claim even though the parties had a written contract because the written contract did not address the situation at hand. Instead, as Moresco did not technically

breach the employment agreement, unjust enrichment is the only theory upon which Hendrick can base his claim for recovery of the extra payments he made to Moresco.

Finally, as pointed out by our Supreme Court in *Vanier*, Moresco cannot simply "change the equitable nature of an action and then demand a jury trial as of right" by injecting an affirmative defense of waiver. 251 Kan. at 104. More specifically:

> "'The general rule regarding the availability of a jury trial under these circumstances is that in the absence of a statute or rule of procedure dictating a contrary result, the asserting of a counterclaim of a legal nature by a defendant in an equitable action gives him [or her] no right to a jury trial.' [Citation omitted.]" 251 Kan. at 104.

Put otherwise, "[t]he fact that there are some legal issues in what is otherwise essentially an equitable case does not entitle one to a jury trial. . . . [T]he court will take jurisdiction for all purposes and determine all issues so as to administer complete relief." *Koerner*, 4 Kan. App. 2d at 124. Accordingly, because the essential nature of this action is grounded on equitable rights and Hendrick seeks equitable relief, Moresco's assertion of the defense of waiver does not give her a right to a jury trial.

MOTION FOR SUMMARY JUDGMENT

In a closely related issue, Moresco contends that the district court erred in denying her motion for summary judgment, arguing that Hendrick cannot bring a claim of unjust enrichment because there was a valid contract between the parties. As she did above, Moresco posits that in Kansas, recovery under the equitable theory of unjust enrichment is only available if there is no contract between the parties. Thus, because there was a valid contract between Hendrick and Moresco, she asks this court to reverse the district court's decision and order the entry of summary judgment in her favor.

8

Hendrick again argues that the mere existence of a contract does not preclude his unjust enrichment claim because the parties' employment agreement does not control the disputed issue. He argues that because the parties here "deviated from the terms" of the employment agreement, unjust enrichment is an appropriate theory of recovery. Thus, he asserts that the district court correctly denied Moresco's motion for summary judgment.

> "'Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The trial court is required to resolve all facts and inferences which may be reasonably drawn from the evidence in favor of the party against whom the ruling is sought. When opposing a motion for summary judgment, an adverse party must come forward with evidence to establish a dispute as to a material fact. In order to preclude summary judgment, the facts subject to the dispute must be material to the conclusive issues in the case. On appeal, we apply the same rules and where we find reasonable minds could differ as to the conclusions drawn from the evidence, summary judgment must be denied.' [Citations omitted.]" *Waste Connections of Kansas, Inc. v. Ritchie Corp.*, 296 Kan. 943, 962, 298 P.3d 250 (2013).

In denying Moresco's motion for summary judgment, the district court explained that although the parties had a contract, Hendrick could proceed under the theory of unjust enrichment because the contract did not address the disputed issue:

> "The Court believes that while it is true and [Moresco] argued that no contract is a truism, no contract can anticipate every possible situation it is equally true that not every situation between the parties who are parties to a contract is covered by the terms of the contract.
> "The Court finds that [ ] in essence that this is not ruled by the contract as found previously is an equitable in nature and that contract did not contemplate and does not directly address the issue regarding the unjust enrichment that supports the unjust enrichment claim and therefore it does not—the unjust enrichment claim is not precluded by the fact that—by the argument that there is a—the unjust enrichment claim does not

9

bar by the fact that there happens to be a contract, the contract I believe as it is phrased by Plaintiff's counsel in its response may give context to and form a factual background but the subsequent contact—conduct by both parties is not anything contemplated by the contract so it would find that it is not barred as an equitable claim it is not barred by the fact that there happens to be a relevant but contract but one that does not directly address this issue."

The district court was correct. Moresco's claim that the district court erred in denying her motion for summary judgment is essentially the same argument she made in regard to the district court's denial of her request for a jury trial and is likewise unpersuasive for the same reasons. While it is true that unjust enrichment "is not available when an express contract addresses the obligations of the parties," the contract must actually address the disputed issue. *Wolfert Landscaping Co.*, 2012 WL 5392143, at *4; *Phillips*, 2011 WL 1376980, at *3.

As discussed above, the employment agreement did not address the parties' obligations in this case because Moresco received early reimbursement for her student loan payments. The contract merely provided that if Moresco worked for Hendrick for an entire year, he would reimburse her for her student loan payments; the contract did not contemplate the parties' rights and obligations should early reimbursement occur. Although there is a valid contract between the parties, because Hendrick and Moresco deviated from their obligations as set forth in the employment agreement, their contract does not address the disputed issue. Hendrick was not precluded from bringing a claim under the theory of unjust enrichment, and the district court did not err in denying Moresco's motion for summary judgment.

Affirmed.